### UNITED STATES of America, Plaintiff—Appellee,

v.

### Georgina FIGUEROA, Defendant— Appellant.

### No. 02–50041. D.C. No. CR–00–02672–NAJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Dec. 12, 2002.

Before D.W. NELSON, T.G. NELSON, Circuit Judges, and SCHWARZER,* District Judge.

* The Honorable William W Schwarzer, Senior

MEMORANDUM **

Georgina Figueroa ("Figueroa") appeals her conviction for smuggling illegal aliens into the United States both for financial gain and without presentation under 8 U.S.C. § 1324(a)(2)(B) and 18 U.S.C. § 2. She argues that her conviction violates the Speedy Trial Act ("STA"), 18 U.S.C. § 3161(c)(1), and that the indictment erroneously charged both attempt and the underlying substantive offense. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's application of the STA, *United States v. Brickey*, 289 F.3d 1144, 1150 (9th Cir. 2002), as well as a district court's denial of a motion to dismiss an indictment for non-compliance with the STA, *United States v. Symington*, 195 F.3d 1080, 1090–91 (9th Cir.1999). We also evaluate an allegedly duplicitous indictment, which is a question of law, de novo. *United States v. Garlick*, 240 F.3d 789, 791 (9th Cir.2001). Likewise, we review de novo a district court's decision not to dismiss an allegedly duplicitous indictment. *United States v. Ramirez–Martinez*, 273 F.3d 903, 913 (9th Cir.2001).

The STA requires that a criminal defendant be tried within seventy days of the filing of the indictment or the date of arraignment, whichever occurs later. 18 U.S.C. § 3161(c)(1) (2002). The STA pretrial motion exclusion excepts from the STA clock all the time from the filing of any pretrial motion until its disposition. *Id.* at §§ 3161(h)(1)(F). Because at least one outstanding pretrial motion remained pending from September 25, 2000, until Figueroa's trial on June 12, 2000, less than seventy days elapsed from her arraignment until trial, and no violation of the STA exists.

Figueroa's duplicitous indictment claim also fails. Though the indictment included both attempt and the underlying substantive offense in Counts 3 and 4, the verdict form only allowed the jury to convict Figueroa on the substantive offense, curing any confusion and ensuring a unanimous verdict as to the substantive offense.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.